# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

May 27, 2005

**Before**

**Hon.** JOHN L. COFFEY, *Circuit Judge*
**Hon.** FRANK H. EASTERBROOK, *Circuit Judge*
**Hon.** ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1871

UNITED AIRLINES, INC., **and** THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS,

*Plaintiffs-Respondents-Appellees*,

*v.*

U.S. BANK N.A. **and** THE BANK OF
NEW YORK, **as Indenture Trustee,**

*Defendants-Petitioners-Appellants.*

Petition for a Writ of Mandamus to, and Appeal
from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 04 C 8304 & 05 C 289 (04 A 4149)—**John W. Darrah**, *Judge*.

**Order**

Our opinion in this case, issued on May 6, 2005, held that 11 U.S.C. §1110 entitles aircraft lessors to immediate possession of their aircraft unless United pays the full rental or the lessors agree to accept less. We issued our mandate the same day, so that the unwarranted judicial interference with this statutory entitlement would end without further delay.

Yet the "Trustees' Motion to Enforce Opinion" reveals that the district court has failed to comply with our mandate. It has done nothing except schedule a status hearing for June 8, 2005. Inaction, for which the district judge has not offered any explanation, is unjustifiable. We treat the Motion as a request for mandamus to enforce our mandate. The request is granted. The district judge and bankruptcy judge are directed to vacate the injunction immediately. Just in case there is any further delay, we stay the injunction pending the formal orders of vacatur. As of this instant, the lessors are at liberty to exercise their statutory and contractual entitlements.

The principal aim of the Motion is to enforce a second conclusion of our opinion: that United's adversary action, accusing the lessors of violating the antitrust laws by engaging in joint negotiation, is legally untenable. This was an alternative holding, and not dicta as the Creditors' Committee and the bankruptcy judge have characterized it. Our view of §1110 and our view of the antitrust laws are independent (and independently sufficient) grounds of decision with respect to the preliminary injunction, and our resolution of the antitrust claim is the principal reason why, as our opinion remarked, the parties' dispute about the crime-fraud exception to the attorney-client privilege is no longer relevant. If as the Creditors' Committee submits the discussion of antitrust can be ignored, then the dispute about the surrender of privileged documents remains live. That would contradict our opinion.

After our opinion issued, United moved to dismiss the adversary action. The Creditors' Committee opposed that motion, contending that dismissal would amount to the "abandonment" of a valuable asset, and on May 20 the bankruptcy judge denied United's motion on the theory that our analysis is dictum, mistaken, or both, so that the claim retains financial value. The bankruptcy judge has put United to a choice: prosecute the action unwillingly, or hand it over to the Creditors' Committee. Neither option is palatable. United fears that prosecution of the action may complicate its negotiations with the aircraft lessors, and having the action in the hands of the Creditors' Committee would make matters worse by wrecking all possibility of a global bargain with the lessors.

As we have said, our disposition was an alternative holding, not dictum. Disagreement with its substance may furnish a basis for a petition for rehearing (or certiorari); it does not license defiance by a litigant or an inferior court. We therefore direct the bankruptcy judge immediately to grant United's motion to dismiss the adversary proceeding.

Our opinion reserved, as a potentially viable antitrust theory, a claim that potential lenders and lessors have engaged in joint action with respect to aircraft other than those now in United's inventory. Nothing in this order affects that reservation. Any claim based on such a theory should be the subject of a new adversary action, however, if an appropriate investigation supplies a factual basis.

A true Copy:

    Teste:

                    _____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*