E. GRADY JOLLY, Circuit Judge:
Fortino Cobain Bueno appeals his conviction on one count of conspiracy to commit promotional money laundering in violation of 18 U.S.C. § 1956(h). He challenges the sufficiency of the evidence on several grounds and further challenges the reasonableness of his sentence. Because we find no ground for reversal of either conviction or the sentence, we affirm the district court’s judgment.
I.
On March 22, 2006, Investigator Billy Joe Sides stopped Bueno for speeding on Interstate 20 in Mitchell County, Texas. Circumstances led Sides to conclude that Bueno was involved in the “drug courier business,” and when Bueno allowed Sides to search his car, the officer discovered money wrapped in plastic bags and stored in hidden compartments. Bueno then told Sides he was driving the cash to California for $3,000.
*849 Sides took Bueno and his car to a sheriffs substation. After a thorough search, Sides discovered more than $130,000 concealed throughout the car. He then conducted a videotaped interview that would be the government’s primary evidence at trial. During the interview, Bueno said he traveled from California to a town near Fayetteville, North Carolina. Once there, he registered a car that he did not own using an address where he did not reside. He admitted that he knew he was working with drug traffickers. He said they picked him up when he arrived in North Carolina and gave him money to drive to California. He also admitted to other details of the transaction that the government would contend were typical of trafficking drug proceeds.[1]
At trial, Bueno claimed he was forced to drive the money across the country. He told the jury that when he learned his cargo consisted of drug money, he refused, agreeing only after threats to his life and his family’s lives. At no point before had he made such a claim.
At the close of evidence, the district court instructed the jury on the elements of conspiracy to commit promotional money laundering. Regarding the requirement that the money be “proceeds” of an illegal activity, it instructed that that the term included “any ... property that someone acquires or retains as a result of the commission of the underlying specified activity.” The court also told the jury that if it believed that Bueno had been coerced, it should acquit him. Bueno did not object to the instructions, but he did object to the sufficiency of the evidence and moved for acquittal. The district court denied his motion, and the jury convicted him.
The court received a presentence report (“PSR”) that recommended a sentence of between 87 and 108 months. It contained various enhancements and detailed their basis. Bueno did not object to the PSR, and the judge sentenced him to ninety-four months after hearing argument. Bueno now appeals his conviction and his sentence.
II.
A.
Bueno presents three arguments that the evidence was insufficient to convict him of conspiracy to commit promotional money laundering. We disagree with each.
1.
Bueno first argues that United States v. Santos, — U.S. -, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), requires the government to show that the money he transported constituted profits from illegal drug activity. He makes this argument for the first time on appeal, so we review the court’s ruling on the sufficiency of the evidence for plain error.[2] United States v. Villegas, 404 F.3d 355, 358 (5th Cir.2005). We can reverse for plain error only when the trial court (1) commits an error (2) that was plain and (3) affects the defendant’s substantial rights. Id. If we find those three factors, we will reverse only if “the error seriously affects the fairness, integri *850 ty, or public reputation of judicial proceedings.” Id. at 358-59 (quotations omitted).
Santos decided that 18 U.S.C. § 1956(a)(1), which bans laundering the “proceeds” of an unlawful activity, requires the government to show that the laundered money is profit, not simply receipts. 128 S.Ct. at 2025. But Santos addressed an illegal lottery operation. Id. at 2022. This case involves a conspiracy to launder proceeds of an illegal narcotics operation, a distinction that makes a difference. Santos was a splintered decision, with a four-justice plurality headed by Scalia applying the rule of lenity to require showing laundered profits for any violation of § 1956(a)(1). Justice Stevens, whose vote provided the majority, agreed with the plurality’s reading concerning gambling operations, but he thought that “proceeds” included all receipts of drug operations. Id. at 2032 (Stevens, J., concurring).
In any event, it is not for this panel to decide whether the district court committed plain error by failing to require the government to prove the money Bueno transported was profits. In United States v. Fernandez, the court faced exactly the same issue: whether the district court committed plain error when it did not require the government to show drug profits, as opposed to receipts, in its case alleging promotional money laundering and conspiracy to do the same. 559 F.3d 303, 315-16 (5th Cir.2009). After examining the Santos opinions, the court concluded, “While Justice Stevens and the plurality disagreed over the precise precedential effect of his statement, the uncertainty renders any error here not ‘plain.’ ” Id. at 316.[3] We must reach the same decision here.
2.
Next, Bueno argues that the evidence of his intent to promote drug trafficking was insufficient. We inquire whether a “reasonable trier of fact could conclude that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict.” United States v. Percel, 553 F.3d 903, 910 (5th Cir.2008) (quotations omitted). The government presented evidence that Bueno knew he was working with drug traffickers and that he falsely registered two cars that were not his, along with other evidence. This evidence was sufficient to support his conviction.
3.
Bueno finally objects that the jury had insufficient evidence that Bueno joined a conspiracy. A conviction for conspiracy to launder money in violation of 18 U.S.C. § 1956(h) requires proof that “(1) there was an agreement between two or more persons to launder money; (2) the defendant voluntarily agreed to join the conspiracy; and (3) one of the persons committed an overt act in furtherance of the conspiracy.” United States v. Armstrong, 550 F.3d 382, 403 (5th Cir.2008). Bueno essentially asks us to believe his story that he was coerced into driving the money instead of the government’s version that he was a *851 voluntary participant. Weighing the evidence is a job for the jury, not for us. West v. Nabors Drilling USA, Inc., 330 F.3d 379, 384 (5th Cir.2003).
B.
Bueno also argues that the district court failed to make adequate findings to support various sentencing enhancements. Because he raises this argument for the first time on appeal, we review for plain error. Percel, 553 F.3d at 909. The PSR detailed the enhancements and their basis, and the district court adopted the PSR without any objection from Bueno. Because “information in the [PSR] is presumed reliable and may be adopted by the district court without further inquiry,” the district court did not need to make any further findings or conduct further investigation. United States v. Carbajal, 290 F.3d 277, 287 (5th Cir.2002).
III.
Accordingly, the judgment of the district court is
AFFIRMED.

. Bueno argues that he does not understand English so the tape should be discounted. He contradicted much of his videotaped statement at trial.

. Bueno argues that we should review the instructions de novo, because the government agreed de novo review was appropriate in its brief. We reject this argument. "The parties’ failure to brief and argue properly the appropriate standard [of review] may lead the court to choose the wrong standard. But no party can control our standard of review.” United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir.1992) (en banc) (emphasis in original).

. Judge DeMoss suggests that the Fernandez court's subsequent consideration of what effect any error would have had on Fernandez’s substantial rights indicates that the court may not have been convinced that there was no plain error. Assuming he is correct, the court at most offered an alternative holding, a conelusion compelled by its decision to start the substantial rights analysis with “Even were there error that was plain Id. (emphasis added). “This circuit follows the rule that alternative holdings are binding precedent and not obiter dicta.” Pruitt v. Levi Strauss & Co., 932 F.2d 458, 464 (5th Cir.1991).