THOMAS, J.,
dissenting on denial of hearing en banc.
I respectfully dissent from this court’s decision to deny hearing en banc, pursuant to Florida Rule of Appellate Procedure 9.331. Because the panel should have followed this court’s well-reasoned, thoughtful and correct decision in Lewis v. State, 34 So.3d 183 (Fla. 1st DCA 2010), which addresses the precise issue raised here, we should hear this case and affirm our decision in Lewis.
The decision here adopts an incorrect legal position that the Florida Supreme Court declined to adopt, and commits this court to precedent that directly contradicts controlling statutory authority. Rather than allow a subsequent panel to overrule a prior panel’s decision, we should affirm Lewis and certify conflict with Rosa v. State, 35 Fla. L. Weekly D1361, 2010 WL 2430985 (Fla. 2d DCA 2010), on the issue of whether Brooks held that an adult who kills a child in a single act of violence cannot be convicted of first-degree felony murder.
The panel’s majority opinion and new, binding precedent holds that an adult who kills a child by a single stab wound, a single gunshot, a single fatal blow, or any other single act of violence, cannot be convicted of first-degree felony murder, despite the Legislature’s specific designation of aggravated child abuse as a predicate crime for felony murder in section 782.04(l)(a)l-2., Florida Statutes. Contrary to the majority’s view, this was not the holding in Brooks v. State, 918 So.2d 181 (Fla.2005), for one simple reason: the majority in Brooks declined to vacate the first-degree felony murder conviction for the single stabbing of the child. The Brooks court did not state that the felony murder conviction was upheld on the basis of harmless error; rather, the harmless error analysis involved aggravated child abuse as an aggravating factor in sentencing. See Brooks, 918 So.2d at 199 (“The trial court’s error in relying on the aggravated child abuse factor in aggravation has no impact on the sentencing determination for either murder.... The aggravating *1058 factors continue to substantially outweigh any mitigation, which supports application of the death sentence for Rachel Carlson’s murder.”).
The decision in Brooks did not hold that the merger doctrine precludes a conviction of first-degree felony murder based on a predicate act of aggravated child abuse. In a dissenting opinion from the denial of rehearing, Justice Lewis correctly asserted that the majority was obliged to vacate Brooks’ first-degree felony murder conviction, based on the merger doctrine, if that was the majority’s holding. Brooks, 918 So.2d at 221 (“The majority’s decision has been based upon the theory of merger because it would be unconstitutional and illegal to predicate two convictions on the single act. As more fully explained below ... the majority’s conclusion that a single stabbing blow cannot constitutionally, as a matter of law, constitute an underlying felony for the purpose of application of the felony murder doctrine requires this Court to reverse Brooks’s convictions.”) (citations omitted). Because the majority in Brooks declined to vacate the first-degree murder conviction, it is undeniable that the majority’s discussion of the merger doctrine was dicta.

Why This Court Should Follow Our Prior Holding of Lewis v. State

If future panels are free to reject the rationale of prior panel decisions which extensively analyze and address the same issue, then our decisions are of less permanence and importance. Here, two panels reached opposite conclusions on the same issue involving the application of a rule of law in first-degree murder cases. Because the court has declined to exercise its authority to consider this case en banc and resolve the inconsistent decisions, we fail to contribute to the stability of the law and the administration of justice. Now, the work of the first panel in Lewis, which correctly concluded that Brooks does not preclude Appellant’s conviction here, is no longer relevant or binding because of a subsequent split-panel decision. Today’s panel decision will always require that a child victim be the subject of multiple acts of abuse to form a predicate crime for felony murder.
Thus, even if Lewis is not binding, based on its alternative holding regarding the nature of the predicate crime there, we should exercise our en banc authority to rehear this case to ensure uniformity on this important issue. We should follow Lewis for jurisprudential and policy reasons, and to ensure uniformity.

Dictum versus Holding

In U.S. v. Crawley, 837 F.2d 291, 292-93 (7th Cir.1988), Judge Posner noted:
We have defined dictum as ‘a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding-that, being peripheral, may not have received the full and careful consideration of the court that uttered it.’ ‘[Djictum is a general argument or observation unnecessary to the decision .... The basic formula [for distinguishing holding from dictum] is to take account of facts treated by the judge as material and determine whether the contested opinion is based upon them.’ A dictum is ‘any statement made by a court for use in argument, illustration, analogy or suggestion. It is a remark, an aside, concerning some rule of law or legal proposition that is not necessarily essential to the decision and lacks the authority of adjudication.’ It is ‘a statement not addressed to the question before the court or necessary for its decision.’
*1059 What is at stake in distinguishing holding from dictum is that a dictum is not authoritative. It is the part of an opinion that a later court, even if it is an inferior court, is free to reject. So instead of asking what the word ‘dictum’ means we can ask what reasons there are against a court’s giving weight to a passage found in a previous opinion. There are many. One is that the passage was unnecessary to the outcome of the earlier case and therefore perhaps not as fully considered as it would have been if it were essential to the outcome. A closely related reason is that the passage was not an integral part of the earlier opinion-⅞ can be sloughed off without damaging the analytical structure of the opinion, and so it was a redundant part of that opinion and, again, may not have been fully considered. Still another reason is that the passage was not grounded in the facts of the case and the judges may therefore have lacked an adequate experiential basis for it; another, that the issue addressed in the passage was not presented as an issue, hence was not refined by the fires of adversary presentation. All these are reasons for thinking that a particular passage was not a fully measured judicial pronouncement, that it was not likely to be relied on by readers,....
(Emphasis added; citations omitted.)
Under Judge Posner’s analysis, it is clear that our prior discussion in Lewis regarding the holding in Brooks was not dicta. The Lewis rationale and holding regarding Brooks was: 1) fully and thoughtfully considered and central to the decision in Lewis; 2) the issue of the nature of the merger-doctrine discussion in Brooks was presented to the Lewis court by the “fires of adversary presentation,” see Lewis, 34 So.Sd at 186 (“The appellant urges us to reverse her convictions of aggravated child abuse and felony murder on the basis of Brooks v. State .... ”); 3) disregarding the operative rationale in Lewis would “seriously impair[ ] the analytical foundations” of the decision; 4) the analysis and rationale of Lewis was certainly not an “aside” or “remark” that concerned some legal proposition that “lacked the authority of adjudication”; 5) the Lewis rationale addressed a question presented to the court, and necessary to its final decision, despite its alternative holding; 6) the clear rationale in Lewis cannot be “sloughed off’ without doing damage to the work of that panel which conducted an extensive and scholarly review of the merger doctrine and felony murder under the common law and Florida statutes; and finally, 7) Lewis was clearly meant to establish binding authority to “be relied on by readers.”

Dictum and Alternative Holdings

It is undeniable that Lewis did not mean to signal readers to ignore all the analysis and rationale of the entire opinion as unnecessary and not of any significance. Rather, the Lewis decision simply noted an alternative holding: “Assuming arguendo that the statements in Brooks are not dicta and are applicable to the instant case, we would still affirm.” Lewis, 34 So.3d at 187. The use of the introductory clause “assuming arguendo” signals the panel’s view that it is affirming the conviction there on two separate bases. It defies logic and reality to find that the Lewis panel would conduct a lengthy, multi-page analysis of why Brooks did not bar affirming Lewis’ conviction, only to have the panel toss aside its analytical work as meaningless. This is especially clear in an opinion in which the panel spends almost all of its work on its primary holding and only a single paragraph on its alternative holding.
Merely because Lewis stated an alternative holding does not render its primary decision as nonbinding dicta:
*1060 A ruling in a case fully considered and decided by an appellate court is not dictum merely because it was not necessary, on account of one conclusion reached upon one question, to consider another question the decision of which would have controlled the judgment.
Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would dispose of the entire case upon its merits, and neither holding is a dictum, so long as it is properly raised, considered, and determined.
Parsons v. Fed. Realty Corp., 105 Fla. 105, 143 So. 912, 920 (1932) (on rehearing); see also Paterson v. Brafman, 530 So.2d 499, 501 n. 4 (Fla. 3d DCA 1988) (explaining the fact a holding was alternative does not detract from its authority); Clemons v. Flagler Hosp., Inc., 385 So.2d 1134, 1136 n. 3 (Fla. 5th DCA 1980) (noting that where a decision rests on two grounds, neither can be relegated to the category of obiter dictum ); accord Ohio v. Roberts, 448 U.S. 56, 69 n. 10, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (discussing dictum and alternative holdings as different positions), reversed on other grounds, Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); United States v. Fulks, 454 F.3d 410, 434-35 (4th Cir.2006) (citing to MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340, 346 n. 4, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986), and noting “alternative holdings are not dicta”); United Airlines, Inc. v. U.S. Bank, N.A., 409 F.3d 812, 813 (7th Cir.2005) (explaining prior conclusion of court was “an alternative holding, and not dicta”); Banks v. Gallagher, 686 F.Supp.2d 499, 517 n. 8 (M.D.Pa.2009) (citing MacDonald, 477 U.S. at 346 n. 4, 106 S.Ct. 2561); Penzer v. Transp. Ins. Co., 509 F.Supp.2d 1278, 1285 (S.D.Fla.2007) (explaining that alternative holdings are binding under Florida law), rev. on other grounds, 605 F.3d 1112 (11th Cir.2010).
In Lewis, our court reached an alternative holding that merely provided a secondary basis for affirming the conviction of first-degree felony murder. Such a holding did not contradict the underlying rationale of the decision in Lewis and, thus, did not render that extensive analysis as mere obiter dictum. Nor was the underlying analytical foundation of the decision in Lewis a mere “aside” or “remark” meant to discuss possible legal theories for academic or scholarly purposes only.
Obiter dictum is not interchangeable with the concept of an alternative holding. See World Harvest Church, Inc. v. Guideone Mut. Ins. Co., 586 F.3d 950, 958 (11th Cir.2009) (explaining alternative holdings are not mere dicta); United States v. Bueno, 585 F.3d 847, 850 n. 3 (5th Cir.2009) (same); Nicholson v. Shafe, 558 F.3d 1266, 1273 n. 6 (11th Cir.2009) (same); McLellan v. Miss. Power & Light Co., 545 F.2d 919, 925 n. 21 (5th Cir.1977) (en banc) (same); Commonwealth v. Markman, 591 Pa. 249, 916 A.2d 586, 606 n. 15 (2007) (observing that an adjudication on any point within the issues presented cannot be considered dictum, nor can an additional reason for a decision brought after the case has been disposed of on one ground); Reynolds-Penland Co. v. Hexter & Lobello, 567 S.W.2d 237, 241 (Tex.Civ.App.1978) (explaining an alternative holding exists where the appellate court rests its decision under the facts presented on two separate but equally valid grounds, whereas obiter dicta exists where the court decides a case on a specific ground and then, assuming facts not before it, makes statements based upon the assumed facts); cf. U.S. ex rel. Bledsoe v. Cmty. Health Sys., 501 F.3d 493, 507 (6th Cir.2007) (holding prior conclusion properly considered dicta rather than alternative holding because prior ra *1061 tionale could not be considered as alternative holding because it could not support the judgment in the case).
Supporting a rationale by including an alternative holding does not render the rationale mere dicta. To hold otherwise, as the majority opinion does here, imposes great damage on the thoughtful and controlling rationale and analytical framework of Lewis. In fact, today’s decision eviscerates our prior decision in Lewis and renders it a nullity regarding future decisions. This is so because the issue was not whether multiple acts of aggravated child abuse can form the predicate crime of felony murder — no one can dispute that in light of section 782.04(l)(a)l-2., Florida Statutes. Rather, the question we face here is whether a subsequent panel can and should disregard a careful and well-reasoned recent prior panel decision that addresses this precise issue: May a person be convicted of first-degree murder for a single act of stabbing, hitting, shooting, or for that matter, drowning a child? The Legislature answered yes, the Florida Supreme Court declined to hold otherwise, and so should this court. I dissent, therefore, from the court’s denial of en banc review in this case.