# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2012

No. 11-50110
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY EUGENE NEAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-511-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gregory Eugene Neal appeals the 60-month prison sentence imposed on his guilty plea conviction for possessing with intent to distribute five grams or more of crack cocaine. *See* 21 U.S.C. § 841(a)(1). This sentence was above the Sentencing Guidelines' range of 30 to 37 months but became the guidelines sentence because it was the statutory mandatory minimum in effect at the time of the offense. § 841(b)(1)(B); U.S.S.G. § 5G1.1(b). We affirm, and we deny Neal's motion for remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50110

The district court rejected Neal's claim that the Fair Sentencing Act of 2010 (FSA), *see* Pub. L. No. 111-220, 124 Stat. 2372, governed his sentence, finding the FSA inapplicable because Neal committed his offense before the FSA was enacted. Additionally, the court determined that a 60-month sentence was reasonable in light of the factors in 18 U.S.C. § 3553(a).

Neal committed his offense on May 7, 2010, and was sentenced on January 21, 2011. The FSA, which became effective in August 2010, amended the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (Aug. 3, 2010). The FSA amended § 841(b)(1)(B) by increasing from 5 grams to 28 grams the amount of crack cocaine a defendant must possess before he is subject to a five-year mandatory minimum sentence. *See* Pub. L. No. 111-220, § 2(a)(2). In *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011), *petition for cert. filed* (Dec. 5, 2011) (11-8023) and *petition for cert. filed* (Dec. 27, 2011) (11-8268), decided while Neal's appeal was pending, we held that the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment. Our precedent thus forecloses Neal's retroactivity claim.

As already noted, the district court selected Neal's sentence on the separate, alternative basis that it was warranted and reasonable under § 3553(a). We ordinarily review sentences for reasonableness in light of the sentencing factors of § 3553(a), employing an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 49-51 (2007). That standard applies "whether the sentence imposed is inside or outside the Guidelines range." *Id.* at 51. Neal's sentence—which is outside the applicable guidelines range and not based on an allowed departure—constitutes a non-Guidelines sentence under our precedent. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

No. 11-50110

Although Neal refers to the § 3553(a) factors, he does not contend that the district court failed to consider them; instead, he disagrees with the court's weighing of them.    Neal's objection, therefore, is to the substantive reasonableness of the sentence.    It is questionable, however, whether he preserved that objection for full appellate review. *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).    We pretermit the issue of what review standard applies to Neal's claim of unreasonableness, however, given that Neal cannot prevail on a claim of unreasonableness under any standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

As a substantive matter, a sentence need only be supported by the factors recited in § 3553(a). *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). "A [variance] sentence unreasonably fails to reflect the [§ 3553(a)] factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708. As the record shows, the court explicitly relied on § 3553(a) in imposing the upward variance. The court noted Neal's recidivism, specially remarking on the need to address the fact that Neal simply persisted in criminal conduct despite his previous incarceration in the state penitentiary. Because the district court's concerns were validly based on the § 3553(a) factors, the sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349. Moreover, even if we were to agree with Neal that a guidelines sentence would have been reasonable, that is "insufficient [reason] to justify reversal of the district court['s]" determination "that the § 3553(a) factors, on a whole, justif[ied] the extent of the variance" sentence imposed. *Gall*, 552 U.S. at 51. Accordingly, we agree also with the district court's alternative reason for imposing the sentence it did. *See United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002); *United States v. Bueno*, 585 F.3d 847, 850 n.3 (5th Cir. 2009).

AFFIRMED; MOTION FOR REMAND DENIED.

3