# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2013

No. 12-50289
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER KEITH NAGY,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-646-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher Keith Nagy pleaded guilty to possessing with intent to distribute and manufacture 100 plants or more of marijuana and aiding and abetting and also to possessing a firearm in furtherance of a drug trafficking crime. He was sentenced to a cumulative term of 78 months in prison.

In his plea agreement, Nagy reserved the right to appeal the district court's denial of his motion to suppress evidence seized from his residence following the issuance of a search warrant. *See* FED. R. CRIM. P. 11(a)(2). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion maintained that evidence was seized from Nagy's residence on the basis of a state warrant issued without probable cause or without a sufficient basis for an officer's reasonable reliance on the probable cause determination. The warrant was preceded by, inter alia, a police canine sniff at Nagy's garage that indicated the presence of narcotics.

The district court gave more than one reason for denying Nagy's suppression motion. First, the district court held that the pre-warrant sniff did not constitute a Fourth Amendment search. Second, the district court determined that (a) the post-sniff warrant that issued to search the residence was based on probable cause even excluding from consideration the information revealed by the sniff (and the canine alert that it prompted) and (b) law enforcement officers acted in objectively reasonable reliance on the warrant even if there was no probable cause.

The district court's first reason for denying suppression—a sniff is not a search—does not withstand scrutiny. *See Florida v. Jardines*, __ S. Ct. __, No. 11-654, 2013 WL 1196577, at \*2-7 (Mar. 26, 2013). *Jardines* does not, however, dictate the conclusion that the evidence found in the post-warrant search of Nagy's residence must be suppressed. In *Jardines*, the Court concluded that the warrant that issued to search the defendant's house depended on information—the presence of narcotics in the house—revealed by a sniff search conducted in violation of the Fourth Amendment. 2013 WL 1196577, at \*3. In the instant case, the district court reasoned, inter alia, that the validity of the warrant authorizing the search of Nagy's residence did not depend on information revealed by the sniff; the court determined that the warrant was supported by probable cause even if the information revealed by the sniff (and the dog's alert) was not taken into account. Thus, *Jardines* does not call into question the probable cause ruling, which, in any event, Nagy does not challenge. *See Brinkmannn v. Dallas County Deputy Sheriff Abner*, 813 F.2d

744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

We therefore uphold the district court's denial of Nagy's suppression motion based on the unchallenged determination that the post-sniff search was valid because the warrant authorizing it was supported by probable cause even excluding from consideration information revealed by the sniff search. If a court rules on separate, alternative bases, the judgment may stand on any of them; "[i]t does not make a reason given for a conclusion in a case obiter dictum, because it is only one of two reasons for the same conclusion." *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 340 (1928); *see also United States v. Bueno*, 585 F.3d 847, 850 n.3 (5th Cir. 2009). Therefore, we need not consider whether *Jardines* casts doubt on the district court's other alternative determination—that if the warrant was indeed invalid, the officers nevertheless reasonably relied on it. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Because we do not disturb the district court's suppression ruling, Nagy's conviction is AFFIRMED.