# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2010

No. 09-51066
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ALFREDO RUIZ-CRUZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2008-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfredo Ruiz-Cruz (Ruiz) appeals the sentence imposed following his guilty plea conviction for illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Ruiz argues that his within–guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and thus is flawed under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007). He argues that his sentence is greater than necessary to meet the sentencing goals

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of § 3553(a) because the Sentencing Guidelines accounted for a prior conviction both to increase his offense level and to calculate his criminal history score. Ruiz further contends that the guidelines range overstated the seriousness of his illegal reentry offense and that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

In *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009), we rejected the same empirical data argument. *See also United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). We also held that there was no impermissible double counting in the guidelines calculations that rendered the sentence unreasonable. *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2 cmt. n.6.

Ruiz's arguments concerning the district court's balancing of the § 3553(a) factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within–guidelines sentence. This disagreement does not suffice to show error in connection with his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Ruiz has not rebutted the presumption of reasonableness that attaches to his within–guidelines sentence, and he has not shown that his sentence was unreasonable. *See United States v. Armstrong*, 550 F.3d 382, 405-06 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009), *overruled on other grounds by United States v. Balleza*, No. 09-10131, slip op. at 1 n.1 (5th Cir. July 27, 2010) (per curiam); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.