# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 10-50139
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS SAGUN-VILLAREAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1214-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Sagun-Villareal (Sagun) appeals the 46-month within-guidelines sentence imposed in connection with his guilty plea conviction for illegal reentry following deportation. Sagun argues that his sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a) and that a sentence below the guidelines range would have provided adequate deterrence. He contends that his prior alien smuggling conviction was double counted by its use in adjusting his offense level and in determining his criminal history score.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thus, he argues that the prior conviction overstates the seriousness of his offense and renders his sentence unreasonable. Sagun, citing *Kimbrough v. United States*, 552 U.S. 85 (2007), further contends that the presumption of reasonableness should not be applied to his sentence because § 2L1.2 is not based on empirical data.

Sagun's argument that this court should not accord his within-guidelines sentence a presumption of reasonableness because the applicable guideline is not supported by empirical data is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Sagun acknowledges this argument is foreclosed but raises the issue to preserve it for possible further review.

The substantive reasonableness of Sagun's sentence is reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2009). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The Sentencing Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. U.S.S.G. § 2L1.2, comment. (n.6). Additionally, this court has rejected the argument that double-counting of prior convictions necessarily renders a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009).

The record shows that the district court listened to Sagun's arguments but ultimately determined that a sentence within the guidelines range was appropriate. Sagun advances no persuasive reason for this court to disturb the district court's choice of sentence. *See United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008) (quoting *Gall*, 552 U.S. at 51, and noting that the fact that an appellate court "'might reasonably have concluded that a different sentence was appropriate'" is insufficient to justify reversal), *cert. denied*, 130 S. Ct. 54 (2009), *overruled on other grounds by United States v. Balleza*, 613 F.3d 432, 433

n.1 (5th Cir. 2010).    Sagun has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion.

The district court's judgment is AFFIRMED.