**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2013

No. 12-40526
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN TORRES-SARABIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-287-3

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Christian Torres-Sarabia (Torres) appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Torres argues that his sentence was substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). He maintains that the guidelines sentence range resulted in a sentence that was unreasonable because the Guideline under which he was sentenced was not empirically based. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that his personal history as a transplant patient and minor role in the offense called for a sentence lower than the guidelines range. He notes that his two co-defendant brothers both received sentences of 46 months of imprisonment, and he argues that this shows an unwarranted disparity in sentences.

In the district court, Torres did not object to the substantive reasonableness of the sentence. Accordingly, we review the substantive reasonableness of the sentence for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, Torres must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Torres makes such a showing, we have discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

As Torres's sentence was within the guidelines range, a presumption of reasonableness applies. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The lack of an empirical basis for the Guideline that was the basis of the sentence does not affect the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). While Torres's personal history and role in the offense may have been mitigating factors, the district court considered these factors and granted Torres a reduction for having a minor role in the offense. Torres has not brought forth the record on appeal explaining why his brothers were sentenced to 46 months of imprisonment. We note that they must have received relief from the statutory minimum sentence pursuant to the safety valve or for providing substantial assistance, making them not similarly situated to Torres. *See* § 3553(e), (f); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Accordingly, Torres has not shown an unwarranted sentence disparity. *See United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Considering the totality of the circumstances, as this court

must, *see Gall v. United States*, 552 U.S. 38, 51 (2007), Torres has not shown that the sentence was plainly erroneous. *See Rita v. United States*, 551 U.S. 338, 359-60 (2007); *Peltier*, 505 F.3d at 392-94.

AFFIRMED.