# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50820
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMPSON DELTON COTTEN, also known as Sampson D. Cotten, also known as Hector Castro, also known as Sampson Cotten,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-279-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Sampson Delton Cotten pleaded guilty to one count of preparing false tax returns. He appeals his 18-month, below-guidelines prison sentence, arguing that it is procedurally and substantively unreasonable and that he should have received a sentence of probation. He did not object after the district court imposed the sentence, but he nonetheless contends that he

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly and consistently pressed his arguments for a sentence of probation in the district court and so any objection would have been futile. However, Cotten did not alert the court to his view that it had committed procedural error or that the 18-month sentence was unreasonable, nor did the court prevent him from objecting or suggest that it would not have entertained objections. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 399-400 (5th Cir. 2012). Accordingly, our review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Cotten contends that the district court committed procedural error by failing to consider the 18 U.S.C. § 3553(a) factors and, in particular § 3553(a)(6), which instructs courts to account for "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." However, the court committed no error, plain or otherwise. It noted that it took into account the parties' arguments, which included Cotten's arguments under § 3553(a) for a sentence of probation and specifically his contention that a prison sentence would result in an unwarranted disparity. Moreover, Cotten has not demonstrated that his sentence created any such disparity. He identifies another defendant who was convicted of preparing false tax returns but who received a sentence of probation. However, that defendant is not similarly situated to Cotten because Cotten had committed prior crimes and obstructed justice by asking a witness to lie to government officials. *See* § 3553(a)(6); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

Urging that his sentence is substantively unreasonable, Cotten again presses his contention that his term of imprisonment created an unwarranted sentencing disparity with the defendant who received probation. He also faults the district court for relying on his unadjudicated arrests and his inability to

pay restitution and for not weighing his learning disabilities and below-average IQ more heavily.  A below-guidelines sentence is presumptively reasonable.  *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 920 (2016).

As we have already explained, Cotten has not demonstrated that he and the other defendant were similarly situated because Cotten obstructed justice and had a criminal history.  *See* § 3553(a)(6); *Guillermo Balleza*, 613 F.3d at 435.  Thus, he has not established that the district court failed to take into account a sentencing factor that should have received substantial weight in declining to sentence him to probation.  *Simpson*, 796 F.3d at 558.

It appears that the district court mentioned Cotten's prior arrests in an effort to make the point that he had many opportunities to turn his life around but chose not to do so.  However, even if the court did err in considering Cotten's bare arrest record as to some of his prior unadjudicated arrests, *see United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013), Cotten has not demonstrated that this error affected his substantial rights because the court discussed these arrests "in conjunction with other, permissible, factors," *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010).  In announcing the sentence, the court explained that it also took into account that Cotten had obstructed justice, and the court's comments throughout the sentencing hearing reveal that it was also influenced by the Cotten's four prior criminal convictions and the sophistication of the tax fraud scheme, all permissible factors under § 3553(a).

As for Cotten's inability to pay restitution, a district court may not take into account a defendant's socio-economic status when imposing sentence.  *United States v. Humphrey*, 104 F.3d 65, 71 (5th Cir. 1997); *see* U.S.S.G. § 5H1.10, p.s.  Contrary to Cotten's contention, the district court did not base

its decision to impose a prison sentence on the fact that he could not afford to pay restitution.  The issue whether Cotten had paid restitution was briefly raised at the beginning of the sentencing hearing, and both defense counsel and the Government urged the court not to consider it in determining the sentence.  Although it was discussed in the context of whether Cotten was similarly situated to the defendant who received probation, the Government stressed that the primary difference between the two was not the issue of payment of restitution—the other defendant had apparently paid substantial restitution before sentencing—but that Cotten had a criminal history.  The court then noted that the other defendant did not instruct his clients to lie to the IRS and obstruct justice as Cotten did.  At no point did the court comment on Cotten's financial ability to pay restitution.  Accordingly, Cotten has not shown that the district court gave significant weight to an irrelevant or improper factor that would overcome the presumption that his sentence is reasonable.  *See Simpson*, 796 F.3d at 558.

Finally, in arguing that the district court should have placed greater weight on his learning disabilities and IQ, Cotten essentially asks us to reweigh the sentencing factors, which we will not do.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).

AFFIRMED.