# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40881
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSENDO BARBOSA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-554-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Rosendo Barbosa, federal prisoner # 44407-379, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon retroactive Amendment 782 to U.S.S.G. § 2D1.1. He argues that the district court abused its discretion in denying his motion for a sentence reduction because the district court did not give certain 18 U.S.C. § 3553(a) factors appropriate weight. Specifically, Barbosa argues that his criminal history was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insignificant and that, as a result, the district court should not have denied the motion based on the need to protect the community.  He also contends that district court failed to consider his role as a mule in the offense.  Finally, he argues that the sentence should have been reduced in order to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

The district court had before it Barbosa's § 3582(c)(2) motion, the § 3553(a) factors, U.S.S.G. § 1B1.10, and the probation officer's addendum addressing the motion.  Although the district court implicitly determined that Barbosa was eligible for a sentence reduction, the court concluded that the relevant sentencing factors weighed against exercising its authority to grant a sentence reduction.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010).  The district court was under no obligation to grant Barbosa a sentence reduction despite his eligibility for one.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Barbosa's argument that the district court did not properly consider and balance the sentencing factors is insufficient to show an abuse of discretion.  *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).  Further, Barbosa has not shown any unwarranted disparity.  *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).  Because the district court's decision was not based upon an error of law or a clearly erroneous assessment of the evidence, the district court did not abuse its discretion in denying the motion.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

AFFIRMED.