**UNITED STATES of America,
Plaintiff-Appellee**

v.

**James Randall RENEAU, also known
as James R. Reneau, Defendant-
Appellant**

No. 15-50836
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed January 5, 2017

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff-Appellee

James Randall Reneau, Pro Se

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

James Randall Reneau, federal prisoner # 11851-380, moves for leave to proceed in

determined that this opinion should not be

forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. The district court denied Reneau's IFP motion and certified that the appeal was not taken in good faith. By moving for leave to proceed IFP, Reneau challenges the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Reneau contends that the denial of his § 3582(c)(2) motion was contrary to principles of equal protection because similarly situated prisoners received sentence reductions. He also asserts that the district court failed to consider sufficiently his post-sentencing conduct, his serious medical condition, and his nonviolent criminal history. Further, Reneau maintains that the district court based its denial of his motion upon his criminal history even though the court considered that factor at his initial sentencing hearing and found that a within-guidelines sentence was appropriate. We review for an abuse of discretion the district court's decision whether to grant a reduction in sentence pursuant to § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The record reflects that, although Reneau was eligible for a reduction in sentence in light of Amendment 782, the district court declined to exercise its discretion to grant a reduction. *See Dillon v. United States*, 560 U.S. 817, 826–27,

130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). The district court—which considered, inter alia, Reneau's § 3582(c)(2) motion, the presentence report from the initial sentencing hearing, the original and amended guidelines sentencing ranges, and the 18 U.S.C. § 3553(a) factors—found that the sentence imposed at the initial sentencing, which was within the amended guidelines range as well, was proper in light of relevant § 3553(a) factors and the circumstances of the case. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011).

Reneau has not shown that the denial of his § 3582(c)(2) motion created an unwarranted sentencing disparity among similarly situated defendants; the fact that Reneau has identified other defendants who were granted reductions in sentence by the district court judge in this case does not establish his claim. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Further, his suggestion that the district court did not properly assess specific factors, and his request that we reexamine the district court's review and balancing of those factors, is unavailing. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). The district court did not err in reconsidering Reneau's criminal history—which implicated specific § 3553(a)(2) factors—in deciding how to rule on his § 3582(c)(2) motion and whether he should receive a sentence other than the one imposed at his initial sentencing. The district court had the discretion to determine whether a sentence reduction should be granted, and, therefore, was not required to impose a particular sentence.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See Evans,* 587 F.3d at 673; *United States v. Doublin,* 572 F.3d 235, 238 (5th Cir. 2009).

Thus, the district court did not abuse its discretion. *See Evans,* 587 F.3d at 673. Therefore, Reneau's appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard,* 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh,* 117 F.3d at n.24; 5TH CIR. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.