# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2010

No. 09-10131
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR GUILLERMO BALLEZA, also known as Pancho, also known as Yiyo

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:

Hector Guillermo Balleza (Balleza) appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and conspiracy to commit money laundering.[1]  Balleza argues that the district court clearly erred by denying him

---

[1]We take this opportunity to clarify this court's jurisprudence on whether an overt act in furtherance of the conspiracy is an element of the offense of conspiracy to launder money in violation of 18 U.S.C. § 1956(h).  It is not. Overruling *United States v. Wilson*, 249 F.3d 366, 379 (5th Cir. 2001), the Supreme Court held that an overt act is not an element of conspiracy to launder money.  *Whitfield v. United States*, 543 U.S. 209, 214 (2005).  After *Whitfield*, this court mistakenly recited in dicta that an overt act is an element of the offense. *United States v. Bueno*, 585 F.3d 847, 850 (5th Cir. 2009); *United States v. Armstrong*, 550 F.3d 382, 403 (5th Cir. 2008).

a reduction for his having a minor role in the offense and that the district court erred by not finding that he had a criminal history category of I.  Balleza also contends that his 240-month sentence was substantively unreasonable.

Balleza argues that the district court clearly erred by refusing to apply a two-level reduction for his being a minor participant in the offense because he did not lead, recruit, or direct any individual in the criminal offense and because he merely worked under the direction of others.  He maintains that the reduction was appropriate because he did not participate in all of the activity alleged in the presentence report (PSR).

The information in the PSR showed that Balleza transported loads of narcotics, counted drug proceeds, conducted counter surveillance during the unloading of large shipments of cocaine, turned over drug proceeds to a courier, personally distributed five kilograms of cocaine, and helped direct the activities of one other person during the conspiracy.  While Balleza stated in an affidavit that he did not conduct counter surveillance during the unloading of the large shipments of cocaine, the district court rejected Balleza's self-serving affidavit by rejecting his related objection to the PSR, and the district court was entitled to reject Balleza's self-serving denials based upon the information contained in the PSR.  *See United States v. Bates*, No. 95-50111, 1995 WL 581888 at *8 (5th Cir. Sept. 21, 1995) (unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinions issued prior to January 1, 1996, are precedential).  Given Balleza's extensive involvement in the drug conspiracy, the district court's determination that Balleza was not a minor participant in the offense was not implausible in light of the record as a whole, and, therefore, was not clearly erroneous.  *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005).

In conformity with *Whitfield*, we recognize that an overt act is not an element of the offense of conspiracy to launder money.

The district court partially granted Balleza's objection to his criminal history category, ruling that Balleza should be considered to have a criminal history category of one and a half and sentencing Balleza to a sentence within the guidelines sentence range applicable if Balleza's criminal history category were I. Nevertheless, Balleza argues that the district court erred because it did not fully grant his objection to his criminal history category. He maintains that both of his prior convictions were relevant conduct to the present offense and should not have resulted in any criminal history points, placing him in criminal history category I. He maintains that the district court's refusal to fully grant his objection harmed him because, even though the district court sentenced him within the guidelines range for a defendant with his offense level and a criminal history category of I, he was not considered eligible for a safety valve reduction.

Balleza's prior conviction for possession of cocaine was for conduct committed prior to the beginning of the present drug conspiracy. Balleza presented no evidence that the cocaine involved in the prior conviction was derived from the present drug conspiracy. Balleza's other prior conviction was for possession of Alprazolam and for failure to identify himself as a fugitive from justice, and there is no indication that the present drug conspiracy included any drug other than cocaine. Accordingly, the probation officer correctly determined that Balleza's prior convictions each counted for one criminal history point, giving Balleza a criminal history category of II. *See United States v. Garza*, No. 94-41339, 1995 WL 534842 at *5 (5th Cir. Aug. 14, 1995) (unpublished); *see also* 5TH CIR. R. 47.5.3. As the district court ruled that Balleza's criminal history category was the non-existent one and a half, any error committed by the district court in calculating Balleza's criminal history category was in Balleza's favor and was, therefore, harmless to Balleza. *See United States v. Morales-Sosa*, 191 F.3d 586, 587-88 (5th Cir. 1999) (holding that error that does not affect the defendant's substantial rights is harmless).

Balleza asserts that his sentence was substantively unreasonable because it was substantially greater than the sentences of co-defendants who were more culpable than he was.  Balleza argues that his sentence was unreasonably high because his criminal history category was incorrectly determined to be II and because he received a two-level enhancement for being convicted of money laundering.  He maintains that the long sentence he received was unwarranted because he exercised no discretion in his activities and merely followed orders given by co-defendants via telephone.  He asserts that he was only 18 years old at the time of the offense and that nothing in his background or role in the offense suggests that he deserved the sentence he received.

One of the § 3553(a) factors requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).  However, this disparity factor requires the district court to avoid only unwarranted disparities between similarly situated defendants nationwide, and it does not require the district court to avoid sentencing disparities between co-defendants who might not be similarly situated. *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006).

While Balleza argues that two co-defendants, Jose Silva and Patrick Hooper, were similarly situated or more culpable co-defendants who received far lesser sentences, Silva was convicted of the money laundering conspiracy charge only and Hooper was convicted of the drug conspiracy charge only, unlike Balleza who pleaded guilty to both charges.  While Balleza asserts that the two-level enhancement for his being convicted of the money laundering conspiracy created an unwarranted sentence disparity, this is incorrect as the sentence disparity factor requires only that unwarranted sentence disparities not be created between defendants "who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  At sentencing, Balleza's counsel acknowledged that Silva or Hooper likely received a downward departure based on a government motion,

4

presumably referring to a departure for substantial assistance. Balleza has not shown that he was similarly situated to Silva or Hooper, and sentence disparities between co-defendants who were convicted of different charges or who received departures for substantial assistance are not unwarranted disparities under § 3553(a)(6). *See Candia*, 454 F.3d at 476.

Information presented at sentencing showed that a third co-defendant, Aldo Saenz, like Balleza, pleaded guilty to both the drug conspiracy charge and the money laundering conspiracy charge without a plea agreement. The district court sentenced Balleza to 240 months of imprisonment, 22 months less than Saenz's sentence of 262 months of imprisonment, and, in passing sentence, it stated that Balleza's sentence was "in keeping with the horizontal equity among the various defendants." Thus, the record shows that the district court sought to avoid an unwarranted sentence disparity between Balleza and Saenz, and it imposed a sentence that it believed was appropriate based upon Saenz's sentence and the other § 3553(a) factors. Balleza has not shown that the district court abused its discretion by creating an unwarranted disparity between his sentence and the sentences of his co-defendants. *See Candia*, 454 F.3d at 476-77.

Balleza's assertions that his sentence was unreasonable because his criminal history category was incorrectly calculated, because of his youth, and because nothing in his background or role in the offense justified a 240-month sentence are also without merit. As shown above, any error in the calculation of Balleza's criminal history category was in Balleza's favor. While Balleza was relatively young at the time he began the present offenses, age is generally not a relevant factor in sentencing, and Balleza has not shown why his sentence was unreasonable simply because of his relative youth. *See United States v. Simmons*, 470 F.3d 1115, 1130-31 (5th Cir. 2006). Finally, while Balleza maintains that his background and role in the offense did not justify the sentence he received, the facts set forth in the PSR that were adopted by the district court showed that Balleza significantly participated in a major drug

conspiracy for a substantial amount of time.  Given the facts of the case and the deference given to district court sentencing decisions, Balleza has not shown that the district court abused its discretion or that the sentence was unreasonable. *See United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 384-87 (5th Cir. 2008).

AFFIRMED.