# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2012

No. 11-10461
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS LYNN FISHER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:10-CR-74-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Norris Fisher appeals the concurrent 240-month terms of imprisonment imposed following his guilty plea convictions of mail fraud and conspiring to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10461

commit mail fraud.  He contends that the sentence is unreasonable.

We review criminal sentences for reasonableness, applying an abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 50-51 (2007).  We first inquire whether the district court committed procedural error, *id.* at 51, and if there is none, we consider whether the sentence is substantively reasonable.  *Id.*

Fisher argues that the district court procedurally erred in calculating his sentence because it applied a two-level enhancement to his base offense level under United States Sentencing Guideline § 2B1.l(b)(10)(A)(ii)(2010).  The court found, however, that the enhancement also was warranted under § 2B1.1(b)-(1)(C)(i).  By failing to address it on appeal, Fisher has abandoned any challenge to that aspect of the sentence.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, he has not established that the court committed procedural error in calculating his advisory guideline range.

Fisher contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).  He argues that the district court should have imposed a shorter sentence to take into account the disparity between his sentence and that of his co-conspirator, but he has not shown that the disparity was unwarranted.  *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir.), *cert. denied*, 131 S. Ct. 680 (2010).  Fisher contends the court should have imposed a shorter sentence because he is a Vietnam veteran, because he committed his offenses out of desperation after his wife's illness depleted their savings, and because he provided the government with information in an attempt to rectify the harm caused by his crimes.  He also asserts, based on his advanced age, that he will likely remain in prison for the rest of his life.

Fisher's disagreement with the district court's assessment of an appropriate sentence does not establish abuse of discretion.  He essentially seeks to have us reweigh the § 3553(a) factors, which we will not do.  *See Gall*, 552 U.S. at 51.

AFFIRMED.