# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

No. 12-31076
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN MINGO, also known as Nook Mingo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-222-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alvin Mingo appeals the 18-year (216 months) term of imprisonment imposed following his guilty-plea conviction of multiple counts of drug trafficking offenses, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2), 924(c)(1)(A); 21 U.S.C. §§ 841(a)(1), 843(b), 846. Mingo argues that the sentence, which was an upward variance from the statutory minimum term and advisory guidelines range, was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's sentencing decision for reasonableness, under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "Appellate courts must first ensure that the district court committed no significant procedural error." *Cisneros-Gutierrez*, 517 F.3d at 764. Mingo does not argue that the district court committed procedural error. Where the sentence is procedurally sound, this court considers the substantive reasonableness of the sentence under the abuse of discretion standard. *Gall*, 552 U.S. at 51. Reasonableness review requires this court to assess whether the sentence unreasonably fails to reflect the 18 U.S.C. § 3553(a) factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The Government argues that Mingo did not adequately preserve this issue for appeal. If Mingo did not preserve his appellate challenge, plain error review would govern this appeal. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Because the following analysis indicates that Mingo cannot prevail even under the less deferential, abuse-of-discretion standard, it is unnecessary for this court to determine the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record reflects that the district court appropriately relied upon the § 3553(a) sentencing factors in determining that an above-guidelines sentence was warranted, including such considerations as Mingo's history and characteristics, the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need to provide adequate deterrence to further criminal conduct, and the need to protect the public from further crimes. *See* § 3553(a)(1); § 3553(a)(2)(A) - (C). The sentencing decision also reflects consideration of the kinds of sentences available as well as the advisory guidelines range. *See* § 3553(a)(3), (4).

Mingo's argument regarding the circumstances of his upbringing amounts to a mere disagreement with the weight the district court afforded to the various

sentencing factors, and such an argument does not warrant reversal. *See Gall*, 552 U.S. at 51. His assertion that he was previously punished while imprisoned for possession of a shank, a factor that the district court considered when imposing the variance, is not persuasive given the extensive reasons the district court provided to support its sentencing decision. *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Also, given the careful attention that the district court paid to Mingo's particular facts and circumstances, his argument that his sentence was not commensurate with his co-defendants is not persuasive, as the record does not provide fact findings regarding whether his co-defendants were similarly situated. *See* § 3553(a)(1); *United States v. Guillermo-Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Moreover, the magnitude of the variance is not unreasonable. *See United States v. Jones*, 444 F.3d 430, 433, 442 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995). Accordingly, Mingo has not shown that the district court abused its discretion in imposing an upward variance from the advisory guidelines range. *See Gall*, 552 U.S. at 51.

AFFIRMED.