JAMES E. GRAVES, Circuit Judge,
concurring:
Although I join in the opinion of the court, I write separately to address my concern that Schmidt’s sentence appears to be unreasonably disproportionate. See, e.g., United States v. Armstrong, 550 F.3d 382, 406 (5th Cir.2008) (explaining that a defendant may establish substantive unreasonableness by identifying “a case in which a similarly-situated defendant received a lower sentence”), overruled on other grounds by United States v. Guillermo Balleza, 613 F.3d 432, 433 n. 1 (5th Cir.2010).
When Schmidt was sentenced on April 5, 2012, fifteen other defendants had already been sentenced by the same judge for the same offense, 18 U.S.C. § 2252A(g), based on their involvement with the same bulletin board, Dreamboard.[1] The average sentence imposed was 286.4 months of imprisonment. Schmidt’s sentence of 444 months was the highest that had been imposed up to that point, and was over 13 years above the average and over 12 years above the maximum guidelines range. This is somewhat surprising, given that Schmidt had no criminal history at all; that there was no allegation that he had ever personally produced child pornography or otherwise abused children; that his membership level was equal to or lower than that of most of these other defendants; and that he pled guilty and cooperated with the government.
In imposing a sentence, a district court must consider “the need to avoid unwarranted sentence disparities among defendants with similar records who have been *308 found guilty of similar conduct.” 18 U.S.C. § 3558(a)(6). The district judge in this case acknowledged this requirement; at sentencing, he explained that 72 people had been indicted in connection with Dreamboard, and recognized that he must “look[] at the overall ranking of other people” and “properly place [Schmidt] on the vine of membership of Dreamboard.”
The district judge stated that he must “look at the number of posts.” However, none of the fifteen defendants sentenced before Schmidt had fewer posts, and some of them had over ten times as many posts as Schmidt.[2] The district judge also stated that he must “look at the [membership] level that [Schmidt] occupied.” However, of the fifteen other defendants sentenced before Schmidt, seven occupied the same VIP level as Schmidt, and three were actually at the higher Super VIP level.
Of the reasons given by the district judge for Schmidt’s exceptionally high sentence, only two could potentially distinguish Schmidt from the other defendants listed above: the graphic, highly abusive nature of the pornography posted by Schmidt, and Schmidt’s admitted addiction to pornography, including child pornography.[3] It is unclear, however, whether these factors actually indicate any greater culpability or dangerousness on Schmidt’s part. Anthony Paul Sowders, who was at the same membership level as Schmidt with the same number of posts, received a much lower sentence of 327 months, despite having personally exploited children to produce pornography.[4] David Michael Whitten, at the same membership level and with sixteen times as many posts as Schmidt, received a slightly lower sentence of 420 months, despite the fact that he had repeatedly sexually abused a young child over a ten-year period.[5]
The district judge concluded, based on the extreme, hard-core nature of Schmidt’s posts, that he was “on the upswing” in membership levels; this would seemingly imply that Dreamboard members at higher membership levels posted more extreme conduct and are therefore more culpable. However, three of the defendants sentenced before Schmidt were already at the higher Super VIP level; one of these defendants received the mandatory minimum of 240 months, and the other two received sentences under 300 months.[6] Finally, several defendants who received much lower sentences than Schmidt posted files with names that imply the sodomization of young children, which the district court characterized as being among the most *309 extreme and disturbing content.[7]
Nevertheless, inasmuch as Schmidt’s counsel neither raised the issue of disparity at sentencing nor objected to the reasonableness of the sentence imposed, the district judge had no reason to further explain his rationale. There may very well be compelling reasons why Schmidt’s sentence is appropriate under the factors of 18 U.S.C. § 3558, regardless of any disparity between co-defendants. Furthermore, because transcripts of the sentencing hearings for many of the defendants sentenced before Schmidt are unavailable, we are unable to consider the specific reasons the district judge relied upon in imposing their sentences. Accordingly, I agree that the district judge did not plainly err in sentencing Schmidt.

. Nine of these defendants were co-defendants charged in the same series of indictments that included Schmidt, Case No. 5:11— CR-62 in the Western District of Louisiana: Charles Pyeatte, sentenced on September 13, 2011, to 327 months, Doc. #315; David Michael Whitten, sentenced on October 5, 2011, to 420 months, Doc. # 344; Christopher James Luke, sentenced on October 5, 2011, to 240 months, Doc. # 346; Stephen Clinton Kinney, sentenced on October 14, 2011, to 293 months, Doc. # 353; Rush Frank Blankenship, sentenced on December 1, 2011, to 240 months, Doc. # 390; William L. Barton, sentenced on January 5, 2012, to 327 months, Doc. #413; Anthony Paul Sowders, sentenced on January 5, 2012, to 324 months, Doc. #416; Gary Schneider, sentenced on January 12, 2012, to 240 months, Doc. # 422; and Jamil Lamar Mosley, sentenced on January 17, 2012, to 240 months, Doc. #423.
Six of these defendants were charged in a separate indictment, Case No. 5:10-CR-319 in the Western District of Louisiana: Timothy Gentry, sentenced on May 10, 2011, to 300 months, Doc. # 427; Michael Biggs, sentenced on May 31, 2011, to 240 months, Doc. # 430; Michael Childs, sentenced on June 22, 2011, to 360 months, Doc. #438; Charles Edward Christian, sentenced on July 14, 2011, to 265 months, Doc. #454; Micheál Thompson, sentenced on September 13, 2011, to 240 months, Doc. # 469; and Larry Ridley, sentenced on October 26, 2011, to 240 months, Doc. # 490.

.The number of posts and membership levels are taken from the factual bases for each defendant’s plea. In Case No. 5:ll-CR-62, see Doc. # 144-2 (Schneider); Doc # 146-2 (Pyeatte); Doc #209-2 (Luke); Doc #216-2 (Kinney); Doc # 220-2 (Whitten); Doc # 229-2 (Sowders); Doc. # 227-2 (Mosley); Doc. # 298-2 (Blankenship); and Doc. # 312-2 (Barton). In Case No. 5:10-CR-319, see Doc. # 320-2 (Childs); Doc. # 396-2 (Christian); Doc. # 423-2 (Thompson); and Doc. # 453-3 (Ridley). The factual bases for Biggs and Gentry are unavailable on the district court docket. Additionally, the factual basis for Schneider does not state his number of posts.

. The district judge also relied on his finding that Schmidt was "probably on the upswing” in membership levels. However, as the court’s opinion notes, this was an inference based on the nature of Schmidt's posts.

. See the transcript of Sowders’ sentencing hearing, Case No. 5:10-CR-319, Doc. #470.

. See the transcript of Whitten’s sentencing hearing, Case No. 5:10-CR-319, Doc. #379.

. Larry Ridley, sentenced to 240 months; Charles Edward Christian, sentenced to 265 months; and Stephen Clinton Kinney, sentenced to 293 months.

. See Ridley factual basis, Case No. 5:10-CR-319, Doc. #453-3 at 4; Thompson factual basis, Case No. 5:10-CR-319, Doc. # 423-2 at 4; Whitten factual basis, Case No. 5:11-62, Doc. # 220-2 at 4.