# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS ARAUJO-CONTRERAS, also known as Juan Carlos Araujo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-4-3

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Araujo-Contreras, federal prisoner # 36097-177, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to reduce his 210-month sentence for conspiracy to distribute methamphetamine. By moving for leave to proceed IFP, Araujo-Contreras is challenging the district court's certification that this appeal from the denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50026

his 18 U.S.C. § 3582(c)(2) motion is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997); FED. R. APP. P. 24(a)(5).

Relying on 18 U.S.C. § 3553(a)(6), Araujo-Contreras contends that there is an unwarranted disparity between his sentence and that of his brother, who was convicted in the same case and received a § 3582(c)(2) reduction. Araujo-Contreras, however, does not allege any facts suggesting that there is an unwarranted sentencing disparity among similarly situated defendants. He provides no details of any similarities between his and his brother's offense conduct, criminal records, other history, or characteristics. His conclusory assertion that his brother is similarly situated fails to show that an unwarranted disparity exists. The fact that a co-defendant received a sentence reduction does not alone show that the denial of Araujo-Contreras's § 3582(c)(2) motion created an unwarranted sentencing disparity. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

Because Araujo-Contreras has not demonstrated that his "appeal involves legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted), the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. The motion for appointment of counsel is also DENIED.