**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 16-50900
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
November 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO ROCHA, SR.,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1068-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Eduardo Rocha, Sr., appeals his conviction for two counts of conspiracy to commit hostage taking and his concurrent sentences of life imprisonment. Rocha argues that the evidence was insufficient to support his convictions for conspiring to commit hostage taking because the Government did not prove that he detained the illegal aliens against their will. Rocha did not move for a judgment of acquittal during or at the conclusion of the trial; therefore, review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50900

is for plain error. *See United States v. Delgado,* 672 F.3d 320, 330-32 (5th Cir. 2012) (en banc).

Rocha's assertion that the aliens voluntarily remained in the house is not supported by any evidence in the record. To the contrary, there was overwhelming evidence presented that Rocha was "the boss" of the smuggling operation and that he directed the transportation of hundreds of illegal aliens and the extortion of fees from their family members to obtain their release. The evidence also revealed that Rocha was often present in the trailer where the aliens were being held hostage and that he was aware of, or ordered the use of torture and rape to compel the family members to pay additional funds. Even under the ordinary standard of review that applies to a preserved sufficiency claim, the evidence was sufficient to support the convictions. *See United States v. Anderson,* 174 F.3d 515, 522 (5th Cir. 1999). Therefore, it follows that the record was not devoid of evidence to support Rocha's convictions for conspiracy to participate in hostage taking and, therefore, he failed to demonstrate plain error. *See Delgado*, 672 F.3d at 331; *United States v. Ibarra-Zelaya*, 465 F.3d 596, 602 (5th Cir. 2006).

Second, Rocha argues that his life sentences are substantively unreasonable in light of his age, poor health, family relationships, and the fact that the victims did not lose their lives. He contends that there was an unwarranted disparity in his sentence when compared to sentences received by similarly situated defendants.

The record reflects that the district court considered the mitigating circumstances presented by counsel but determined that such circumstances did not outweigh the gravity of the harm caused by Rocha. Rocha did not provide any evidence of an unwarranted disparity at sentencing. *See United States v. Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). We will not reweigh the

factors considered by the district court in imposing a guidelines range sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.2008). Rocha has not rebutted the presumption of reasonableness given to his guidelines range sentences. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.2009).

AFFIRMED.