# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 17-40961
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALHAN SANCHEZ,

Defendant - Appellant

—————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-804-3

—————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Alhan Sanchez pleaded guilty to conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a). The district court sentenced Sanchez to 324 months of imprisonment followed by three years of supervised release. Sanchez argues on appeal that the district court erred in (1) applying the vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1) based on the hostage victims' status as undocumented aliens, (2) denying his request for a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40961

mitigating role adjustment under U.S.S.G. § 3B1.2, (3) refusing his request for a downward departure under U.S.S.G. § 5H1.3 for his purported mental condition, and (4) imposing a procedurally and substantively unreasonable sentence.

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The clear error standard is deferential and "only requires a factual finding to be plausible in light of the record as a whole." *Id.*

The record in this case reflects that Sanchez and others raided a stash house where illegal aliens were being harbored and forcibly took approximately 20 aliens hostage at gunpoint. As the district court found, the hostages in this case "were particularly susceptible to criminal conduct" given their illegal status. Because the hostages constituted vulnerable victims, and because their vulnerability was not already incorporated into the guideline used to calculate Sanchez's base offense level, the district court did not clearly err in applying the enhancement under § 3A1.1(b)(1). *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 403-04 (5th Cir. 2014).

Sanchez argues that he is entitled to a mitigating role adjustment under § 3B1.2 because he had no decision-making authority, acted only under the direction of the conspiracy leaders, and was nothing more than an "errand runner." The presentence report (PSR), which the district court adopted, supports the conclusion that Sanchez played an average role in the offense.

According to the PSR, Sanchez coordinated and acquired the vehicles that were used during the raid of the stash house. The hostages were initially held at Sanchez's house before being divided into groups and taken to other stash houses. Sanchez assisted in transporting the group of seven hostages

who were "sold" to him to the next stash house.  He was present when ransom demands were made, and he personally demanded money from the illegal aliens.  He also admitted to receiving wire transfers from the victims' families on two occasions.  Based on these facts, the district court's determination that Sanchez was not entitled to a § 3B1.2 reduction was plausible in light of the record as a whole and was not clearly erroneous.  *See United States v. Torres-Hernandez,* 843 F.3d 203, 207 (5th Cir. 2016).

Sanchez contends that the district court erred in denying his request for a downward departure under § 5H1.3 because he suffered from "a disorder, anxiety and dyslexia" and had "trouble [] remembering things."  This court lacks jurisdiction to review the denial of a downward departure unless the denial was based on the district court's mistaken belief that it lacked the authority to depart.  *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008).  The record in this case does not reflect that the district court was unaware of its authority to depart from the Guidelines.  As such, this court lacks jurisdiction to review the district court's denial of Sanchez's request for a downward departure under § 5H1.3.  *See id.*

For the first time on appeal, Sanchez argues that his 324-month sentence, which is at the bottom of the guidelines range, is otherwise procedurally and substantively unreasonable.  Because Sanchez failed to raise these additional objections to the procedural and substantive reasonableness of his sentence before the district court, this court's review is for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

According to Sanchez, his within-guidelines sentence is procedurally unreasonable because the district court selected his sentence without stating that it had considered the statutory factors in 18 U.S.C. § 3553(a)(2).  Where the district court imposes a sentence within the properly calculated guidelines

range, this court "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). To the extent that Sanchez is also arguing that the district court's explanation for its sentence was inadequate, this court has stated that when a judge imposes a within-guidelines sentence, "little explanation is required." *Id*. Sanchez has failed to show a plain procedural error with respect to his sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Sanchez also claims that his within-guidelines sentence is substantively unreasonable given the extent of his involvement in the offense and because it does not account for personal characteristics, such as his youth and his purported mental condition and lack of education. Additionally, he relies on the sentences of his co-conspirators to argue that his sentence is unreasonable because it reflects an unwarranted sentence disparity.

At sentencing, the district court specifically acknowledged Sanchez's age and stated that it generally granted downward departures "based on [] age," but under the totality of the circumstances, "a departure for any reason" was not warranted. The court was also aware that Sanchez suffered from anxiety, dyslexia, and memory loss, but there was no evidence that Sanchez suffered from a mental condition to a degree that would warrant a departure under § 5H1.3.

The co-defendants Sanchez uses for comparison are not similarly situated, and Sanchez readily acknowledges that some of them had different roles in the conspiracy and had different criminal history categories. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Sanchez has not rebutted the presumption of reasonableness applicable to his within-

4

No. 17-40961

guideline sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.