# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60085
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff−Appellee,

versus

RICKEY ROBERTSON, Also Known as Slick Rick,

                    Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:17-CR-16-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Rickey Robertson pleaded guilty of conspiracy to commit sex trafficking.

He appeals his within-guidelines sentence of 188 months, asserting that it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because it fails to account for the need to avoid unwarranted disparities between his sentence and his co-defendant's. Robertson properly preserved his objection, so we review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 49-51 (2007); *see also United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2015).

Sentences within the properly calculated guidelines are presumed to be substantively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Moreover, the court infers from such a sentence "that the district court has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The presumption of reasonableness is rebutted only on a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error in judgment in balancing sentencing factors. *Cooks*, 589 F.3d at 186.

The district court considered the facts and circumstances, the arguments of counsel for a below-guidelines sentence, and the 18 U.S.C. § 3553(a) factors—including specific consideration of the need to avoid unwarranted sentencing disparities—in finding that a within-guidelines sentence was appropriate. *See Mares*, 402 F.3d at 519. Robertson's contentions amount to no more than a mere disagreement with the court's weighing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness. *See Cooks*, 589 F.3d at 186. Moreover, this court will not reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008); *see also United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

The judgment is AFFIRMED.