# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30851
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL GAMA-PERALTA, also known as Roberto Mendoza-Espinoza,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-120-2

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Manuel Gama-Peralta pleaded guilty to conspiracy to distribute and to possess with intent to distribute one kilogram or more of cocaine hydrochloride. He received an above-guidelines sentence of 120 months of imprisonment and four years of supervised release.

On appeal, Gama-Peralta challenges the reasonableness of his sentence. He argues that (1) the reasons given by the district court at sentencing for his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30851

upward variance were inadequate because they relied on factors that were either already taken into account by the Sentencing Guidelines or were too general and (2) the district court's written statement of reasons did not include an explanation for the upward variance. This argument challenges the procedural reasonableness of his sentence based on the district court's alleged failure to adequately explain the upward variance from the guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court provided thorough, fact-specific reasons for Gama-Peralta's above-guidelines sentence that were consistent with the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); § 3553(a)(1), (2)(A), (B), (C). Although Gama-Peralta contends that the district court's upward variance should not have relied on factors that were already taken into account in determining his guidelines range, the district court was entitled to rely on factors encompassed in the Guidelines in imposing a non-guidelines sentence. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). In light of the foregoing, Gama-Peralta has not demonstrated that the district court committed any error, plain or otherwise, by failing to adequately explain his sentence.

Gama-Peralta also argues that his above-guidelines sentence was substantively unreasonable because the extent of the variance was greater than necessary in light of the district court's reliance on factors that were already taken into account in the guidelines range. He contends that nothing distinctive about his background or the crime warranted an upward variance and that there was an unwarranted disparity between him and his co-defendants.

As explained above, the issue of whether a district court may consider factors that were already taken into account in calculating his guidelines range

is foreclosed.  *See Key*, 599 F.3d at 475.  Moreover, the record establishes that the district court properly considered the relevant § 3553(a) factors at sentencing.  *See* § 3553(a)(1), (2)(A), (B), (C).  Gama-Peralta has not provided any facts demonstrating that he and his co-defendants were similarly situated or that there were any unwarranted sentencing disparities.  *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).  His arguments constitute a mere disagreement with the district court's weighing of the § 3553(a) factors, which "is not a sufficient ground for reversal."  *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).  In light of the foregoing, given the deference that is due to the district court's determination that the § 3553(a) factors justified an upward variance, Gama-Peralta has not demonstrated that the district court erred, plainly or otherwise, by imposing a sentence that was substantively unreasonable.

Accordingly, the district court's judgment is AFFIRMED.