# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10659
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FLORES-DOMINGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-617-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Flores-Dominguez pleaded guilty of illegal reentry after removal from the United States, and he was sentenced to a 46-month term of imprisonment and to a three-year period of supervised release. Flores-Dominguez contends that sentence is substantively unreasonable because it gives insufficient weight to a delay in bringing federal prosecution until after pending state proceedings were completed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10659

We have reviewed this question for an abuse of discretion[1] and in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009); *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Because the sentence was within or below the properly calculated guidelines range, the sentence is presumptively reasonable. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). A defendant may rebut the presumption of reasonableness "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors." *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).

Flores-Dominguez contends that the delay in federal prosecution was a mitigating factor that "created a profound risk of arbitrary disparity between [him] and other defendants[] and increased the aggregate term of imprisonment beyond the needs expressed in 18 U.S.C. § 3553(a)(2)." Having considered the arguments and the record, we conclude that Flores-Dominguez has not rebutted the presumption of reasonableness. *See Rashad*, 687 F.3d at 644; *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). The judgment is AFFIRMED.

---

[1] Under our precedent, the more deferential standard of review, plain error, would have applied here; however, the Supreme Court reversed that precedent, so we apply the less deferential standard of abuse of discretion. *Holguin-Hernandez v. United States*, 2020 U.S. LEXIS 1365 *9 (U.S. Feb. 26, 2019) (Case No. 18-7739).