# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAELA DANESE MONCRIEF, also known as Mickey,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-295-6

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Michaela Danese Moncrief appeals the 108-month below-guidelines sentenced imposed following her conviction for conspiracy to possess with intent to distribute methamphetamine. Moncrief argues that her sentence is substantively unreasonable because the lower sentences that her co-conspirators received resulted in unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10603

Where the issue has been properly preserved, this court reviews the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 46, 51 (2007). By failing to raise the specific issue that she now raises on appeal, Moncrief arguably forfeited the issue, which would result in review for plain error only. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015). Because her claim fails under the more favorable standard of review, we need not reach the issue.

A sentence within or below a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186.

Section 3553(a)(6) instructs the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," but it "requires the district court to avoid only unwarranted disparities between similarly situated defendants nationwide." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). "[I]t does not require the district court to avoid sentencing disparities between co-defendants who might not be similarly situated." *Id.*

Because Moncrief cites only the sentences of her co-conspirators as evidence of unwarranted sentencing disparities, she necessarily fails to establish that the district court failed to account for *unwarranted* sentencing disparities. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 406 (5th Cir.

No. 19-10603

2014).    To the extent that Moncrief challenges the length of her below-guidelines sentence, her mere disagreement with the district court's weighing of the § 3553(a) sentencing factors is insufficient to establish that the sentence is substantively unreasonable.    *See Gall*, 552 U.S. at 51.    Accordingly, the judgment of the district court is AFFIRMED.