# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 20-50035
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALAH SAID OMAR EL-HENNAWI,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-266-1

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.
PER CURIAM:[*]

Salah Said Omar El-Hennawi appeals the guidelines sentence of 100 months of imprisonment imposed following his conviction for conspiracy to possess with intent to distribute synthetic marijuana. He generally argues that the district court erred by failing to consider sentences imposed on

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50035

defendants named in an indictment returned in the Eastern District of Texas. More specifically, he asserts that the conspiracy charged in the Eastern District indictment and the conspiracy charged in the indictment returned in the Western District of Texas to which he pleaded guilty were related and together comprised a single conspiracy. He argues that the district court's failure to consider the sentences imposed on the defendants named in the Beaumont indictment created unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6).

Section 3553(a)(6) instructs the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," but it "requires the district court to avoid only unwarranted disparities between similarly situated defendants nationwide." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). "[I]t does not require the district court to avoid sentencing disparities between co-defendants who might not be similarly situated." *Id.*

To the extent that the district court could consider the sentences imposed on the defendants who were prosecuted in the Eastern District of Texas and identified by El-Hennawi as being leaders of the purported overarching conspiracy, it did not procedurally err in declining to do so. The district court was not required to consider the unsworn allegations of defense counsel regarding the scope of the conspiracy and El-Hennawi's culpability relative to that of his putative co-conspirators. *See United States v. Landreneau*, 967 F.3d 443, 454-55 (5th Cir. 2020); *United States v. Torres-Magana*, 938 F.3d 213, 217 (5th Cir. 2019). Further, the plea agreements and factual resumes for the putative co-conspirators were publicly available at the time of El-Hennawi's sentencing and contain sufficient reliable information to establish that those defendants were not similarly situated for a variety of reasons. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 406 (5th Cir. 2014); *Guillermo Balleza*, 613 F.3d at 435; *see also United States v. Brandon*,

No. 20-50035

965 F.3d 427, 430 n.1 (5th Cir. 2020).  Accordingly, the judgment of the district court is AFFIRMED.