# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2022

Lyle W. Cayce
Clerk

No. 20-40699
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN MAJORS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-21-2

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Justin Majors appeals the sentence imposed following his guilty plea convictions for conspiracy to kidnap in violation of 18 U.S.C. § 1201(a)(1) and (c) (Count One); interstate travel in aid of racketeering enterprises in violation of 18 U.S.C. § 1952(a)(2) and (a)(3) (Counts Two and Three); and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

conspiracy to launder proceeds of an unlawful activity in violation of 18 U.S.C. § 1956(h) (Count Four). Majors challenges the substantive reasonableness of his below-guidelines 540-month sentence, arguing that it is excessive because it creates an unwarranted disparity between his sentence and the sentences imposed on some of his co-defendants. He further states that the district court failed to offer "any reasonable justification" for the disparity.

We review the substantive reasonableness of a sentence for an abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), and we "presume sentences within or below the calculated guidelines range are reasonable," *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). To rebut the presumption, Majors must show that the sentence "does not account for a factor that should have received significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *Id.* at 558 (quoting *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013)). One factor the district court should consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Majors fails to rebut the presumption of reasonableness that is afforded to his 540-month sentence, which is below the recommended guidelines sentence of life. *See Simpson*, 796 F.3d at 557-58. "First, 'avoiding unwarranted general sentencing disparities is not a factor that we grant significant weight where the sentence is within the Guidelines range.'" *United States v. Naidoo*, 995 F.3d 367, 383 (5th Cir. 2021) (quoting *United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011)). Also, Majors makes no comparison between his conduct and that of similarly situated defendants nationwide, and he has not demonstrated that he and his co-defendants were similarly situated. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435

No. 20-40699

(5th Cir. 2010); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Notably, in sentencing Majors, the district court determined that Majors was the "ringleader" of his co-defendants. The district court's judgment is AFFIRMED.