# United States Court of Appeals for the Fifth Circuit

---

No. 22-30256
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY LEVANDA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CR-86-3

---

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Jeremy Levanda appeals the 54-month, above-guidelines sentence imposed after he pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances, conspiracy to distribute and possess with intent to distribute cocaine base and aiding and abetting, and use of a communication facility and aiding and abetting. On appeal, Levanda

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

primarily asserts that the district court plainly erred by imposing an upward variance that was based on his need for rehabilitation from his drug addiction in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

In *Tapia*, the Supreme Court concluded that 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia*, 564 U.S. at 332. In this case, the district court did not lengthen his prison term based on his need for drug rehabilitation; instead, the district court explained that an upward variance was warranted because a sentence in the guidelines range would not adequately reflect the seriousness of Levanda's crimes, promote respect for the law, provide just punishment or adequate deterrence, or protect the public from his future crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Because Levanda has not shown that his rehabilitative needs were a dominant factor in the district court's decision to impose an above-guidelines sentence, he has failed to show error, plain or otherwise, in connection with his *Tapia* claim. *See United States v. Rodriguez-Saldana*, 957 F.3d 576, 579 (5th Cir. 2020).

Levanda's arguments that his sentence is substantively unreasonable because the district court gave undue weight to his criminal history, which was already accounted for as part of his criminal history score, and because his sentence reflects an unwarranted sentence disparity between him and his codefendants likewise fail. A district court has the discretion to determine that the guidelines range gives too much or too little weight to one or more factors and may conclude that a within-guidelines sentence would be insufficient to serve the objectives of sentencing. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Here, as noted, the district court explained its sentence in terms of several of the § 3553(a) factors and determined that an above-guidelines sentence was necessary to achieve the goals of sentencing, and Levanda fails to show that his sentence actually

No. 22-30256

represents an unwarranted disparity with similarly situated defendants. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

Nothing in the record reflects that the district court failed to account for a factor that should have received significant weight or that it gave significant weight to an irrelevant or improper factor, and the sentence does not represent a clear error of judgment in balancing the sentencing factors. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400-01 (5th Cir. 2012). The district court's judgment is therefore AFFIRMED.