# United States Court of Appeals for the Fifth Circuit

---

No. 23-20388
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Md Azad,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-157-1

---

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

For his first two issues, Md Azad challenges his within-Guidelines 188 months' sentence, imposed following his guilty-plea conviction for conspiracy to commit mail fraud and mail fraud, in violation of 18 U.S.C. §§ 1341 (mail fraud), 1349 (conspiracy). In support, he contests the district court's application of a four-level leadership enhancement to his base offense

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

level under Sentencing Guideline § 3B1.1(a) (quoted *infra*) and a two-level vulnerable-victim enhancement under Guideline § 3A1.1(b)(1) (quoted *infra*). For his third issue, he contends his sentence is substantively unreasonable, claiming he was disproportionally sentenced to 188 months of imprisonment, as compared to codefendants' terms of imprisonment of 78 months.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As for Azad's first issue, the Guidelines provide for a four-level increase to defendant's base offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". U.S.S.G. § 3B1.1(a). Whether a defendant occupied a role as an organizer or leader is a factual finding, reviewed for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). "A factual finding that is plausible based on the record as a whole is not clearly erroneous." *Id.* at 282. The record reflects that Azad played a leadership role in a nationwide mail-fraud conspiracy when he designated locations for co-conspirators to open bank accounts, directed them regarding use of victims' money, instructed them on tactics to evade law enforcement, and recruited at least one accomplice. Accordingly, the court did not clearly err.

No. 23-20388

Regarding his second issue, the Guidelines provide for a two-level increase to defendant's base offense level "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim".  U.S.S.G. § 3A1.1(b)(1).  This enhancement "is primarily focused on the diminished ability of the victim to thwart or resist the crime at hand".  *United States v. Swenson*, 25 F.4th 309, 321 (5th Cir. 2022).  Azad asserts the court improperly applied the enhancement for two reasons:  it relied exclusively on the ages of the victims; and it failed to determine whether Azad knew, or should have known, that the victims of the offense were vulnerable.

The first of these two contentions is reviewed for clear error because "the determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make".  *Swenson*, 25 F.4th at 321 (citation omitted).  The record shows the court determined the victims were vulnerable not only due to their ages but also due to their financial situations and unfamiliarity with technology.  Therefore, the court did not clearly err.

Because Azad did not preserve the second contention in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Azad must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings".  *Id.* (citation omitted).  In the light of Azad's close involvement in the fraudulent scheme and the advanced age of most of the victims, any error regarding whether Azad knew or should have known the victims were vulnerable was not clear or obvious.

3

No. 23-20388

For the third, and final, issue, and assuming it was fully preserved in district court and adequately briefed on appeal, Azad does not rebut the presumption of reasonableness afforded to his within-Guidelines sentence and has not shown any unwarranted sentencing disparity between similarly-situated defendants nationwide or his co-conspirators who pleaded guilty. *E.g.*, *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020) (explaining below-Guidelines sentences are presumptively reasonable and outlining rebuttal requirements); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010) (explaining application of 18 U.S.C. § 3553(a)(6) disparity factor).

AFFIRMED.