# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-30040
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN LADAY,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-12-3

———————————————————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:*

Kevin Laday appeals the 70-month, within-guidelines sentence imposed for his conviction for possession of firearms and ammunition by a convicted felon. First, he argues that the district court erred in denying a mitigating role adjustment under U.S.S.G. § 3B1.2. The finding that Laday was not entitled to a minimal or minor role reduction is a factual

————————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

determination reviewed for clear error. *See United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). Given his own admissions regarding his facilitation of firearms sales to undercover agents, Laday fails to show that the district court's factual finding was implausible in light of the whole record. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

Next, Laday argues that the district court clearly erred in finding that the offense involved eight firearms and applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(1)(B). Specific offense characteristics, such as the number of firearms involved in an offense, are governed by the relevant conduct principles set forth in U.S.S.G. § 1B1.3. *See United States v. Longstreet*, 603 F.3d 273, 278 (5th Cir. 2010). Again, we review the district court's factual findings concerning relevant conduct for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019).

Laday fails to show that the finding that he constructively possessed six firearms that he attempted to sell was not plausible in light of the record as a whole. *See United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014); U.S.S.G. § 1B1.3; *see also United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). He also sold two additional firearms. Because the district court's finding that Laday's offense involved eight firearms is plausible in view of the entire record, Laday has not shown that it was clearly erroneous. *See Barfield*, 941 F.3d at 761; *see also Castro*, 843 F.3d at 612.

Finally, Laday argues that his sentence was substantively unreasonable because the district court failed to consider his lesser role in the offense and additional mitigating evidence. Because his sentence was within the advisory guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). Laday did not show that his sentence resulted in an unwarranted sentencing disparity as he did not compare his sentence with similarly

No. 25-30040

situated defendants nationwide. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). His arguments are insufficient to rebut the presumption of reasonableness as he has not shown that "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).

AFFIRMED.