# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2020

Lyle W. Cayce
Clerk

No. 19-30623
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAVION M. ALFORD, also known as Ray Ray,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-173-6

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Ravion M. Alford appeals the sentence imposed following his guilty plea to conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) Act. He argues that the district court erred in applying a U.S.S.G. § 3C1.1 adjustment for obstruction of justice and, additionally, that his above-guidelines sentence was procedurally and substantively unreasonable.

First, Alford argues that the district court's § 3C1.1 adjustment constituted impermissible double counting when the conduct constituting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30623

obstruction of justice formed part of the witness tampering offense used as a predicate act for his RICO Act conviction. Our review is de novo. *See United States v. Wild*, 92 F.3d 304, 309 (5th Cir. 1996). The witness tampering count was grouped with Alford's attempted robbery count pursuant to U.S.S.G. § 3D1.2(c) and constituted a specific offense characteristic of the attempted robbery count; therefore, there was no impermissible double counting when calculating his offense level. *See* §§ 3C1.1, comment. (n.8); 3D1.2(c), comment. (n.5); *United States v. Collins*, 774 F.3d 256, 266 (5th Cir. 2014).

Next, Alford challenges the procedural reasonableness of the sentence, contending that the district court provided insufficient reasons for the above-guidelines sentence by failing to articulate which of his personal characteristics justified the sentence and by failing to explain why the advisory guidelines range was not proportional to his criminal conduct. In the case of a non-guidelines sentence, the sentencing judge should "carefully articulate the reasons" for finding the sentence imposed to be appropriate. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). In its reasons for the sentence, the district court cited the extent and violent nature of Alford's criminal history given his young age, specifically referring to his extensive record as a juvenile and his use of firearms in the commission of criminal offenses beginning at age 14. The court also noted that audio recordings of the crime, in which Alford and his codefendants discussed executing their intended victim, revealed a deep disregard for human life. Taking this into account, the court found a high likelihood of Alford committing future crimes that would threaten public safety. It was for these same reasons that the district court found that the advisory range was not proportional to Alford's criminal conduct. Alford therefore has demonstrated no procedural error in this regard on the part of the district court. *See Mares*, 402 F.3d at 519.

No. 19-30623

Finally, Alford challenges the substantive reasonableness of the sentence, contending that the district court's upward variance created an unwarranted sentencing disparity between himself and his similarly situated codefendants. When considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range" but "give due deference to the district court's decision that the [18 U.S.C. § 3553(a)] factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). The substantive reasonableness of Alford's sentence is therefore evaluated under the totality of the relevant statutory factors for abuse of discretion. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 441 (5th Cir. 2006).

Alford has not established that his codefendants were similarly situated. Moreover, the district court is required to avoid only unwarranted sentencing disparities between similarly situated defendants nationwide, not between codefendants who may not be similarly situated. *See* § 3553(a)(6); *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). The district court applied the § 3553(a) factors and accounted for Alford's timely guilty plea and reduced role in the conspiracy. Alford has not shown that his above-guidelines sentence unreasonably failed to reflect the statutory sentencing factors, *see United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006), and has shown no abuse of discretion on the part of the district court. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006).

AFFIRMED.