# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2020

Lyle W. Cayce
Clerk

No. 19-60881
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

QUENTIN JACKSON, *also known as* Q,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:18-CR-135-6

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Quentin Jackson appeals the concurrent 57-month prison terms and concurrent three-year terms of supervised release imposed on his guilty plea convictions for conspiracy to distribute and possess with intent to distribute controlled substances (count 1) and for money laundering (count 2). *See* 21

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60881

U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; 18 U.S.C. § 1956(a)(1)(B)(i), (h). His sole appellate claim is that his concurrent sentences are substantively unreasonable in view of sentences meted out to three co-defendants, a claim that we review for abuse of discretion. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).

We note initially that our "concern about unwarranted disparities is at a minimum when a sentence is"—as in the instant case—"within the Guidelines range." *United States v. Willingham*, 497 F.3d 541, 545 (5th Cir. 2007); *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "[The] disparity factor requires the district court to avoid only unwarranted disparities between similarly situated defendants nationwide, and it does not require the district court to avoid sentencing disparities between co-defendants who might not be similarly situated." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).

As Jackson acknowledges, Jacquelin Jackson was sentenced to probation on her count 11 conviction. She was not, therefore, "found guilty of . . . conduct" similar to his own, as he was not convicted on count 11. 18 U.S.C. § 3553(a)(6); *see United States v. Cedillo-Narvaez*, 761 F.3d 397, 406 (5th Cir. 2014). Jackson's argument on this point has no basis in fact or law and is therefore frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Jackson additionally calls our attention to the sentences imposed on Anissa Lindsey and Willie Beard. Lindsey was sentenced to one day (time served) on count 1, and Beard was sentenced to 18 months on count 1. Neither Lindsey nor Beard received a concurrent sentence on count 2. Jackson's contentions of unwarranted disparities are wholly conclusory and

unsupported. Jackson fails to demonstrate that he, Lindsey, and Beard are similarly situated. *See Guillermo Balleza*, 613 F.3d at 435.

Jackson has not shown that the district court abused its discretion in imposing his presumptively reasonable concurrent sentences. *See Diehl*, 775 F.3d at 724; *Cooks*, 589 F.3d at 186. Consequently, we do not disturb the district court's choice of sentences.

AFFIRMED.