# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 20-10087
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ZAVION NUNLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-197-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Zavion Nunley appeals his 96-month sentence of imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). He contends that his above-guidelines sentence was substantively unreasonable because the district court

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

failed to adequately consider his traumatic childhood and the disparities the sentence would create between Nunley and similarly situated defendants. Further, Nunley argues that the district court erred by ordering that two of his anticipated state sentences would run consecutively to his federal sentence because the conduct involved in those pending state charges was relevant conduct to the federal offense.

Here, the district court relied on appropriate factors in determining that an upward variance was warranted, as its reasons addressed Nunley's history and characteristics, and the needs to deter Nunley from future criminal conduct and to protect the public. *See* 18 U.S.C. § 3553(a); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Nunley contends that the district court failed to consider his upbringing, but the district court clearly did and determined that Nunley's extensive criminal history warranted an upward variance. Further, Nunley does not show that he received a higher sentence than other criminal defendants nationwide who were similarly situated in terms of offense conduct, acceptance of responsibility, criminal history, or guidelines calculations. *See United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010); *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006). Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors; therefore, we defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance and justify the extent of the upward variance imposed. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012); *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Nunley argues that his state charges for burglary of a vehicle and theft of a firearm were relevant conduct to the instant federal offense because they involved the pistol that was the subject of the federal offense. Thus, he claims

that the district court mistakenly failed to order these relevant conduct offenses to run concurrently with his federal sentence, pursuant to U.S.S.G. § 5G1.3. Nunley did not raise this issue before the district court, and therefore, plain error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). To establish plain error, Nunley must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In this case, the district court adopted the presentence report, which found that the state sentences that were ordered to run concurrently were related to the instant federal offense. The district court ordered the other anticipated state sentences for unrelated conduct to run consecutively. Additionally, the concurrent anticipated state sentences were for offenses related to possessing or firing a firearm, and the consecutive anticipated state sentences were for offenses comprising all other criminal conduct, including the contested burglary and theft offenses. The district court did not make any findings with respect to relevant conduct, and therefore Nunley's claim of a mistaken relevant conduct determination does not constitute a clear or obvious error on plain error review. Further, the district court had the discretion to order the sentences for the related state offenses to run concurrently and the other anticipated state sentences to run consecutively to the federal sentence, and the record shows that the district court did not exceed its discretion. *See Setser v. United States*, 566 U.S. 231, 236-37 (2012). Therefore, Nunley has not demonstrated an error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Given the foregoing, the judgment of the district court is AFFIRMED.